**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No.  2:19-CR-211 |
| vs. | : | JUDGE: MARBLEY |
| DANIEL LEE RIPPY, | : | |
| | | (MJ: Vascura) |
| Defendant. | : | |

## DEFENDANT'S MOTION TO RECONSIDER ORDER REVOKING BOND

Now comes the defendant, Daniel Rippy, through counsel, pursuant to 18 U.S.C. §§ 3142 and 3145 and moves this Court to reconsider the Order Revoking Bond and the Detention Order issued on January 8, 2020 by the Northern District of California.  In the months since that Court initially made those orders, there has been a change in circumstances and further information based on investigation.

## BACKGROUND

Daniel Rippy initially appeared on a criminal complaint for one count of threat by interstate communication, dated December 30, 2019.  He was released on the same day, but ultimately violated the terms of his pretrial release. As noted above, he was detained on January 8, 2020 by the district court in the Northern District of California and was eventually removed to the Southern District of Ohio.

## LEGAL ANALYSIS

The offense Mr. Rippy has been charged with does not carry a presumption for detention.  18 U.S.C. §3142 (e)(3).  The Eighth Amendment to the United States Constitution provides that excessive bail shall not be required nor excessive fines imposed, nor cruel and unusual punishment inflicted.  "The only limitation imposed by the bail cause is that 'the Government's proposed conditions of release or detention not be excessive in light of the perceived evil." *United States v. Salerno*, 481 U.S. 739 (1987). The default position of the bail reform act is that the release of a person be on his or her personal recognizance or an unsecured appearance bond is appropriate unless such release will not reasonably

assure the appearance of the person as required or will endanger the safety of any other person or the community.  18 U.S.C. §3142 (b).  Release on conditions is the backup to the default position of release on personal recognizance.  Release of a person on conditions should be subject to "the least restrictive condition, or combination of conditions…that will reasonably assure the appearance of the person as required and the safety of any person and the community…"  18 U.S.C. §3142 (c)(1)(B). Pretrial Detention is appropriate only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. §3142 (e).

In the matter at hand, counsel for Mr. Rippy and the Government have discussed the possibility of stipulating to a set of pretrial release conditions by which Mr. Rippy may be released into the community. These conditions would primarily involve allowing Mr. Rippy to get much needed mental health treatment. Counsel files this motion in part to allow Pretrial Services to evaluate Mr. Rippy for an appropriate placement and ultimately to present this argument and these conditions to the Court.

**WHEREFORE,** for the reasons set forth above, Defendant Daniel Lee Rippy requests that the magistrate judge reopen the hearing on detention to consider new evidence and argument.

Respectfully submitted,

DEBORAH L. WILLIAMS
FEDERAL PUBLIC DEFENDER

    /s/   Soumyajit Dutta_____
Soumyajit L. Dutta  (OH 76762)
Assistant Federal Public Defender
Federal Public Defender's Office
10 West Broad Street, Suite 1020
Columbus, Ohio 43215-3469
(614) 469-2999
Soumyajit_Dutta@fd.org
*Counsel for Daniel Lee Rippy*

2

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/   Soumyajit Dutta
Soumyajit Dutta