**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CASE NO. 2:19-cr-211** | |
| | : | | |
| **Plaintiff,** | : | **CHIEF JUDGE MARBLEY** | |
| | : | | |
| v. | : | | |
| | : | **GOVERNMENT'S SENTENCING** | |
| | : | **MEMORANDUM** | |
| **DANIEL LEE RIPPY,** | : | | |
| | : | | |
| **Defendant.** | : | | |

The United States of America, by and through its undersigned counsel, respectfully submits this memorandum for the sentencing of Defendant Daniel Lee Rippy ("Defendant" or "Rippy"). For the reasons set forth herein, the United States recommends 15 months of imprisonment, followed by three years of supervised release, to include mental health and substance abuse treatment as needed, and a $100 special assessment.

### I.    Factual Background

On November 24, 2018, approximately a half-hour into the start of the football game between The Ohio State University and the University of Michigan, which was being played in Columbus, Ohio, Rippy knowingly and willfully transmitted in interstate commerce an electronic communication from the State of California to The Ohio State University ("OSU") that contained a threat to injure OSU students.  Specifically, Defendant stated that "your school is going to get shot the fuck up and I'm seriously going to hurt the students and all the players from the football team."  Rippy, a Michigan fan, later admitted that he sometimes gets angry about his sports teams, but would never act on his threats.  Rippy sent this threat to OSU, along with several other threats to injure or kill specific players, their family members and the head coach, via Facebook

Messanger.  Law enforcement officials at the stadium were placed on high-alert and resources re-allocated to investigate the threat.  Ultimately, it was determined that Rippy was in the State of California at the time the threats were sent, and therefore did not pose an immediate danger.

Further investigation revealed that Rippy had sent similar threats in the preceeding days on Gonzaga University's main Facebook page, which were directed at the men's basketball team. Rippy's tirade, which included comments such as "Yeah and when I get my hands on the players from the basketball team there [sic] going to die one by one," ended with Rippy sending a message to the school apologizing for his actions, seeking forgiveness and acknowledging the stupidty of his actions.  Rippy later admitted that he was angry about the outcome of a basketball game between Gonzaga University and Duke University, in which Gonzaga beat Duke (his team).

## II.     Procedural History

On September 26, 2019, a federal Grand Jury returned a one count Indictment charging Defendant with transmitting a threat in interstate commerce, in violation of 18 U.S.C. § 875(c). On July 1, 2020, Rippy pleaded guilty to the Indictment pursuant to a Rule 11(c)(1)(B) Plea Agreement.

## III.    Sentencing Guidelines Calculation

### a.    Statutory Maximum Sentence

The maximum sentence for transmitting a threat in interstate commerce is five years' imprisonment, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment.

### b.    Sentencing Guidelines Calculation

In imposing sentence, the Court must take into account the considerations of sentencing set forth in 18 U.S.C. § 3553(a).  *United States v. Booker*, 543 U.S. 220, 261 (2005).  First, as

stated in Section 3553(a)(4), the Court must determine and consider the sentencing range established by the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). As the Presentence Investigation Report ("PSR") correctly calculates: the base offense level is **12** pursuant to U.S.S.G. § 2A6.1(a)(1); there is a **2**-level increase because the offense involved more than two threats, pursuant to U.S.S.G. § 2A6.1(b)(2)(A); there is a **6**-level increase because the threat to Urban Meyer, as the head coach, involved a government employee and was motivated by his status as an employee for OSU; finally, there is a **3**-level decrease for acceptance of responsibility under U.S.S.G. 3E1.1(a) and (b). Per the PSR's calculation, the total adjusted offense level is **17**; at a Criminal History Category III, the guideline range is 30-37 months.

Although the **6**-level enhancement related to the threat of Urban Meyer is accurately calculated by U.S. Probation, it was not anticipated by the Parties in this case when evaluating an appropriate resolution. The communication to the head coach was neither the basis of the charged conduct nor the conduct that caused law enforcement's high alert status and reallocation of resources. To that end, and considering the other Section 3553(a) factors set forth below, the United States intends to honor the Parties' agreement and recommend a sentence of 15 months imprisonment, which is the low-end of the guidelines range, absent the **6**-level enhancement.[1]

## IV.    The Proper Sentence

Once the Court has properly calculated the guideline range, the Court must next consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence

---

[1] Coach Meyer never received the threat personally; however, his staff were notified of the threat.

to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a).

*Nature and Circumstances of the Offense*.  The nature and circumstances of this case are straightforward and serious.  Rippy's anger and frustration at the loss of his sports teams went beyond the usual shouting at the television as the clock ticks down the final seconds that many of us experience.  Instead, Rippy's rage was transmitted thousands of miles – from California to Columbus, Ohio – where his threatening words caused panic for law enforcement.  In the middle of its annual rival game with the University of Michigan and more than 100,000 fans in the stadium, law enforcement suddenly had a potential threat of a shooting.  Unfortunately, identifying Rippy as the author of the threat was only half the battle, as locating him still proved challenging.  Prior connections to the State of Michigan initially concerned law enforcement given the ease with which Rippy could travel to – or perhaps already be at – the game.  Ultimately, law enforcement determined that Rippy was living in Livermore, California and thankfully, did not pose an immediate threat.  Rippy's words, however, are not without consequences and, in this case, a term of imprisonment of 15 months is an appropriate consequence.

*History and Characteristics of Defendant*.  Certainly, the Court must also consider the history and characteristics of Defendant.  Rippy grew up in Michigan with his mother, who provided a good upbringing.  At the age of 18, dependent on marijuana, Rippy started accumulating criminal convictions – a domestic assault, providing false information to a police officer, and

failing to obey a lawful order of a police officer. Defendant was also under a period of probation at the time of the instant offense. At the age of 27, Rippy moved to Livermore, California, where he has been employed in fast food, but unable to maintain a residence. To his credit, Rippy participated in a mental health assessment and treatment in the Fall of 2019, the details of which are included in the PSR and provide insight into his behavior as it relates to the offense conduct. Rippy's need for mental health and substance abuse treatment are certainly a factor weighing in favor of the government's recommended sentence, which includes a meaningful term of imprisonment.

*Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment.* The privilege of engaging with the world online comes with great responsibility. The recommended sentence reflects the multiple criminal decisions Rippy made every time he sent a threatening communication to a player, coach or school and the law enforcement resources expended responding to those threats. Thus, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment also suggests that a 15 month sentence of imprisonment is appropriate in this case.

*Afford Adequate Deterrence.* The Court must also consider the need for the sentence imposed to afford adequate deterrence to criminal conduct. Rippy is no stranger to the criminal justice system, but hopefully, the sentence imposed here will be his last. The message must be sent to Rippy, and others, that threatening harm to persons - even if no harm is done – will not be tolerated and can result in time in prison. The sentence imposed must also serve to reign in the boldness of keyboard warriors who think that hiding behind a computer screen or cellular telephone gives them permission to send threatening and criminal communications.

## V.     Conclusion

For the reasons set forth above, the United States respectfully recommends that Defendant Daniel Lee Rippy be sentenced to 15 months of imprisonment, followed by three years of supervised release, to include mental health and substance abuse treatment as needed, and a $100 special assessment.

> Respectfully submitted,
>
> DAVID M. DEVILLERS
> United States Attorney
>
>
> *s/Jessica W. Knight*
> JESSICA W. KNIGHT (0086615)
> Assistant United States Attorneys
> 303 Marconi Boulevard, Suite 200
> Columbus, Ohio 43215
> Phone: (614) 469-5715
> Email: Jessica.knight@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Government's Sentencing Memorandum* was electronically served via the Court's CM/ECF system this 7th day of October, 2020 upon Counsel for Daniel Lee Rippy.

> *s/Jessica W. Knight*
> JESSICA W. KNIGHT (0086615)
> Assistant United States Attorney

6